

FILED

2026 JAN 12 PM 1: 26

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**Keaire Webb,**
Plaintiff,

v.

Civil Action No. **1:26 CV 00059 RP**

**HON. BRANDY HALLFORD,** in her individual and official capacity as Judge of County Court at Law No. 1, Williamson County, Texas;

**HON. DAWN BAARDSEN,** in her individual and former official capacity as IV-D / family court judge in Williamson County, Texas;

**LISA DAVID,** in her individual and official capacity as Williamson County District Clerk;

**NANCY E. RISTER,** in her individual and official capacity as Williamson County Clerk;

**[NAME UNKNOWN] ASSISTANT ATTORNEYS GENERAL,** in their individual capacities and in their official capacities as employees of the Texas Office of the Attorney General, Child Support Division;

**WILLIAMSON COUNTY, TEXAS;** and

**THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS, CHILD SUPPORT DIVISION;**

Defendants.

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**

(42 U.S.C. §§ 1983, 1985(3), 1988; U.S. Const. amends. I, IV, V, VII, XIV)

Plaintiff, **Keaire Webb** ("Plaintiff"), appearing pro se, complains of Defendants and alleges as follows:

**I. INTRODUCTION**

1. This is a civil rights action under **42 U.S.C. § 1983** and **42 U.S.C. § 1985(3)** arising from an ongoing pattern of **constitutional violations** by judges, clerks, and child-support enforcement officials in Williamson County, Texas.
2. Defendants have:

- o  Enforced a **void child support judgment** entered without subject-matter or personal jurisdiction;
- o  **Garnished Plaintiff's wages** and interfered with his property and liberty interests without due process of law;
- o  **Altered, lost, merged, or falsified court records** and dockets to conceal procedural history and block meaningful review;
- o  **Obstructed Plaintiff's access to the courts** by mislabeling appeals, mismanaging records, contesting indigency, and refusing to provide complete clerk's and reporter's records; and
- o  **Retaliated** against Plaintiff for petitioning the courts and challenging the legality of Title IV-D and related proceedings.

3. These actions have deprived Plaintiff of rights guaranteed by the **Fourteenth Amendment (due process, equal protection), First Amendment (right to petition and access courts), Fourth Amendment (unreasonable seizure of property by garnishment), and Seventh Amendment (civil jury rights)**, and have been carried out under color of state law.

4. Plaintiff seeks **declaratory relief, injunctive relief** halting the enforcement of void orders and requiring restoration of the judicial record, and **damages** for the harms caused by Defendants' unconstitutional conduct. Plaintiff also alleges that Defendants' coordinated conduct may constitute violations of **18 U.S.C. §§ 241 and 242**, and requests that the Court transmit this matter to appropriate federal authorities for review.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under **28 U.S.C. §§ 1331** (federal question) and **1343(a)(3)– (4)** (civil rights), because Plaintiff brings claims under **42 U.S.C. §§ 1983 and 1985(3)** and the United States Constitution.

6. Venue is proper in the **Western District of Texas, Austin Division**, under **28 U.S.C. § 1391(b)** because the events giving rise to the claims occurred in Williamson County, Texas, which lies within this District and Division, and Defendants reside or conduct official business there.

7. Plaintiff seeks attorneys' fees and costs (if later represented by counsel) under **42 U.S.C. § 1988**.

## III. PARTIES

### Plaintiff

8. Plaintiff **[YOUR FULL NAME]** is a natural person and citizen of the United States, residing in Williamson County, Texas. At all relevant times, Plaintiff was subject to Title IV-D child-support proceedings in Williamson County and was a party in **Cause No. 22-3488-FC1** (the "IV-D case") and **Cause No. 25-0828-CC1** (the "Bill of Review case").

### Judicial Defendants

9. **Hon. Brandy Hallford** is the Judge of County Court at Law No. 1, Williamson County, Texas. At all relevant times, she acted under color of state law. Plaintiff sues her in her **individual capacity** for non-judicial and ultra vires acts beyond jurisdiction, and in her **official capacity** for prospective declaratory and injunctive relief.

10. **Hon. Dawn Baardsen** is a former judge who presided over Plaintiff's IV-D case and related hearings. Plaintiff sues her in her **individual capacity** for actions taken outside jurisdiction and not protected by judicial immunity, and in her **official capacity** for declaratory relief relating to past acts.

## Clerk Defendants

11. **Lisa David** is the Williamson County District Clerk, responsible for maintaining the IV-D case record and related filings. Plaintiff sues her in her **individual and official capacities** for acts under color of state law.

12. **Nancy E. Rister** is the Williamson County Clerk, responsible for maintaining the County Court at Law No. 1 dockets and the Bill of Review record. Plaintiff sues her in her **individual and official capacities**.

## Enforcement / OAG Defendants

13. **[NAME UNKNOWN] Assistant Attorneys General** are attorneys employed by the Texas Office of the Attorney General, Child Support Division, who prosecuted the IV-D case and appeared in the Bill of Review. Plaintiff sues them in their **individual capacities** and **official capacities** for declaratory and injunctive relief.

14. **The Office of the Attorney General of Texas, Child Support Division** ("OAG-CSD") is a state agency that administers child-support enforcement and Title IV-D functions. Plaintiff seeks declaratory and injunctive relief against the OAG-CSD.

## Local Government Defendant

15. **Williamson County, Texas** is a political subdivision of the State of Texas, responsible for operating the courts and employing clerical personnel whose policies, customs, and failures to train and supervise caused the violations described herein. Plaintiff sues Williamson County under **Monell v. Dep't of Soc. Servs.** as a municipality responsible for unconstitutional policies and practices.

## IV. FACTUAL BACKGROUND

### A. The Void IV-D Case (Cause No. 22-3488-FC1)

16. Plaintiff was named as a respondent in Title IV-D child support proceedings in **Cause No. 22-3488-FC1** in Williamson County, Texas.

17. The IV-D case suffered from fundamental jurisdictional defects, including but not limited to:

a. **No valid service of process** upon Plaintiff, or service that failed to comply with the Texas Rules of Civil Procedure;
b. Absence of a proper **sworn petition** or pleadings establishing jurisdictional facts under the Texas Family Code;
c. Lack of a valid, signed **Acknowledgment of Paternity** or lawful adjudication of paternity;
d. **DNA testing orders** issued without jurisdiction, informed consent, or lawful authority; and
e. Failure to provide Plaintiff with meaningful **notice of hearings** and an opportunity to be heard.

18. Despite these defects, default or quasi-default orders were entered, purporting to establish child support obligations and authorizing **wage withholding** and garnishment of Plaintiff's income.
19. At no point did the IV-D court establish a complete, accurate record demonstrating valid jurisdiction over Plaintiff or compliance with due process.

## B. Unlawful Garnishment and Seizure of Wages

20. Based on the void IV-D orders, Defendants—acting together and under color of state law—caused Plaintiff's wages to be continuously **garnished**, reducing his income and unlawfully seizing his property without a valid judgment or lawful process.
21. Plaintiff has thus suffered ongoing financial harm and interference with his property rights without due process of law, in violation of the **Fourth and Fourteenth Amendments**.

## C. The Bill of Review Case (Cause No. 25-0828-CC1)

22. After learning of the default and ongoing wage garnishment, Plaintiff filed a **Bill of Review** in **Cause No. 25-0828-CC1** to challenge the IV-D judgment on grounds of:

- Lack of subject-matter jurisdiction;
- Lack of personal jurisdiction;
- Fraud;
- Lack of notice and opportunity to be heard; and
- Constitutional violations.

23. Plaintiff's Bill of Review and subsequent filings laid out detailed constitutional and procedural arguments, supported by evidence, including:

- Defective service;
- Absence of a signed Acknowledgment of Paternity;
- Coercive or irregular DNA orders;
- Discrepancies in OAG financial ledgers; and
- Prior motions and objections that had been ignored or mischaracterized.

## D. Record Loss, Docket Manipulation, and Mislabeling

24. During and after the Bill of Review, Plaintiff discovered that the **original IV-D case record (22-3488-FC1)** had been:

- **Hidden, closed, or made inaccessible** in the judicial records system;
- **Separated** from the Bill of Review case;
- Altered or partially erased in a way that made it appear that the Bill of Review case was the "original" proceeding.

25. A key hearing on or about **July 9, 2025,** noticed as a hearing on a motion to vacate or IV-D enforcement issues, was later shown in the docket for the Bill of Review case as if it were an **"original petition" or starting point**, mischaracterizing the entire procedural posture.

26. Plaintiff filed a **Motion to Correct and Restore the Record** and other objections showing:

- Screenshots and PDFs of the IV-D docket before it disappeared;
- Screenshots/PDFs of the altered Bill of Review docket;
- Proof that the clerk(s) had mislabeled, merged, or misrouted filings.

27. Clerk Defendants **David** and **Rister,** acting under color of state law, refused to fully restore or accurately maintain the record. Instead, they sent communications to Plaintiff indicating that the IV-D case was a "different case" and "would not show" in the Bill of Review case—a position that made the Bill of Review functionally meaningless.

**E. Dismissal of the Bill of Review Without a Valid Record**

28. On or about **August 27, 2025,** Judge **Brandy Hallford** dismissed Plaintiff's Bill of Review in Cause No. 25-0828-CC1.

29. Judge Hallford did so **without first ensuring** that:

- The underlying IV-D record was complete and available;
- The docket manipulations were corrected;
- Plaintiff's jurisdictional and due process grounds were heard on a full and fair evidentiary record.

30. By dismissing the Bill of Review while the record was corrupted and the IV-D file was hidden or altered, Judge Hallford deprived Plaintiff of any **meaningful opportunity** to challenge a void judgment, violating the **Fourteenth Amendment** and Plaintiff's access to courts under the **First Amendment.**

**F. Appeal, Indigency Contest, and Further Obstruction**

31. Plaintiff timely filed a **Notice of Appeal** from the dismissal. The clerk initially mischaracterized an earlier filing as a notice of appeal, assigned an appellate case number, and then confused deadlines for docketing statements and record preparation.

32. Plaintiff was forced to file **clarifications** and a **Notice to Correct Appeal Record** to fix the appellate timeline and record issues.
33. When Plaintiff filed an **Affidavit of Inability to Pay** for the reporter's record, the court reporter and/or Defendants contested indigency, further delaying Plaintiff's access to the transcript necessary to prosecute his appeal.
34. These actions—mislabeling appeals, delaying the record, contesting indigency without basis, and refusing to integrate the IV-D record—have **obstructed Plaintiff's ability to meaningfully appeal**, chilling his right to petition and access the courts.

### G. Retaliation and Pattern of Collusion

35. Plaintiff alleges, on information and belief, that once he began to **challenge jurisdiction, demand ledgers and financial accountability, file motions to vacate, and pursue a Bill of Review and mandamus**, Defendants collectively responded by:

- Doubling down on enforcement;
- Contesting indigency;
- Refusing to fix obvious docket errors;
- Misrepresenting to him that "everything in this case is correct"; and
- Treating his filings as nuisances to be brushed aside rather than legitimate constitutional claims.

36. The coordinated nature of judicial rulings, clerk practices, and OAG enforcement— especially the maintenance of a corrupted record while continuing garnishment— constitutes **joint action** and **conspiracy** under color of state law.

## V. CAUSES OF ACTION

## COUNT I

### 42 U.S.C. § 1983 – Denial of Procedural Due Process (Fourteenth Amendment)

37. Plaintiff realleges paragraphs 1–36 as if fully set forth herein.
38. Defendants, acting under color of state law, deprived Plaintiff of **procedural due process** by:

- Enforcing a child support order obtained without valid service, jurisdiction, or notice;
- Garnishing wages based on void orders;
- Hiding, altering, or refusing to restore the judicial record;
- Dismissing the Bill of Review without a complete and accurate underlying record; and
- Obstructing Plaintiff's ability to obtain clerk's and reporter's records needed for appeal.

39. Plaintiff was not given a meaningful opportunity to be heard at a meaningful time and in a meaningful manner. These acts violate the Fourteenth Amendment to the U.S. Constitution.

## COUNT II

### 42 U.S.C. § 1983 – Unreasonable Seizure of Property (Fourth & Fourteenth Amendments)

40. Plaintiff realleges paragraphs 1–36.
41. By enforcing wage withholding and garnishment based on a void or jurisdictionally defective judgment and in the absence of lawful process, Defendants caused an **unreasonable seizure of Plaintiff's property**.
42. The ongoing garnishment constitutes a continuous, unconstitutional taking of Plaintiff's wages without due process, in violation of the Fourth and Fourteenth Amendments.

## COUNT III

### 42 U.S.C. § 1983 – Denial of Access to Courts & First Amendment Retaliation

43. Plaintiff realleges paragraphs 1–36.
44. Plaintiff exercised his right to **petition the government** and **access the courts** by:

- Filing motions, objections, and a Bill of Review;
- Requesting ledgers and accounting from the OAG;
- Filing appeals and a writ of mandamus.

45. Defendants, in response and/or in concert, impeded Plaintiff's access to courts and retaliated against him by:

- Mislabeling appeals and confusing appellate deadlines;
- Failing to prepare full and correct clerk's records;
- Contesting indigency to delay the reporter's record;
- Refusing to correct known docket and record errors.

46. These acts unreasonably burdened and chilled Plaintiff's First Amendment rights and denied his right to effectively access the courts.

## COUNT IV

### 42 U.S.C. § 1983 – Equal Protection (Fourteenth Amendment)

47. Plaintiff realleges paragraphs 1–36.
48. Defendants treated Plaintiff differently from similarly situated individuals, including:

- Refusing to maintain or restore his case records properly;
- Merging or hiding his IV-D case in a way not done with others;
- Contesting his indigency and obstructing appellate review disproportionately;
- Targeting him because he raised jurisdictional and constitutional challenges.

49. This discriminatory treatment lacked a rational basis and was motivated, at least in part, by animus toward Plaintiff as a pro se litigant challenging the legitimacy of the process, violating the Equal Protection Clause.

## COUNT V

### 42 U.S.C. § 1985(3) – Conspiracy to Interfere with Civil Rights

50. Plaintiff realleges paragraphs 1–36.
51. Defendants, including state judges, clerks, and OAG attorneys, reached an understanding and/or engaged in concerted action to:

- Preserve and enforce a void judgment;
- Conceal the true judicial record;
- Obstruct Plaintiff's ability to challenge that judgment; and
- Retaliate against his efforts to vindicate his constitutional rights.

52. The overt acts in furtherance of the conspiracy include:

- Altering or misrepresenting the docket;
- Mislabeling hearings and appeals;
- Contesting indigency to block transcripts;
- Continuing wage garnishment despite jurisdictional challenges.

53. As a result, Plaintiff has been deprived of the equal protection of the laws and equal privileges and immunities of citizenship.

## COUNT VI

### Monell Liability – Williamson County

54. Plaintiff realleges paragraphs 1–36.
55. The unconstitutional acts of the clerk's offices and the County Court at Law No. 1 were carried out pursuant to the **customs, policies, and practices** of **Williamson County**, including:

- Failing to train and supervise clerks regarding proper docket maintenance;
- Tolerating or encouraging record alteration and mislabeling;
- Enforcing IV-D orders without verifying jurisdiction;
- Systematically discouraging or obstructing pro se challenges to child support enforcement.

56. These policies and customs were the moving force behind the constitutional violations Plaintiff suffered.

## VI. RELIEF REQUESTED

Plaintiff respectfully prays that this Court:

a. **Declare** that Defendants' actions violated Plaintiff's rights under the **First, Fourth, and Fourteenth Amendments** to the United States Constitution;

b. **Declare** that the underlying IV-D child-support judgment and any related wage withholding orders enforced against Plaintiff without proper jurisdiction and due process are **void** as to Plaintiff;

c. **Enjoin** Defendants from:

- Enforcing the challenged IV-D orders and garnishments against Plaintiff;
- Altering, destroying, or refusing to restore the judicial record in Plaintiff's cases;
- Obstructing Plaintiff's access to clerk's and reporter's records needed for appeal;

d. Order Defendants, including Williamson County and the clerk offices, to **fully reconstruct and restore all records** relating to Plaintiff's IV-D and Bill of Review cases, including accurate dockets, filings, and hearing records;

e. Award Plaintiff **compensatory damages** in an amount to be proved at trial for emotional distress, financial loss from wrongful garnishments, and other harms directly caused by Defendants' actions;

f. Award **punitive damages** against individual Defendants whose conduct was willful, malicious, or in reckless disregard of Plaintiff's rights, to the extent allowed by law;

g. Award costs and, if Plaintiff later retains counsel, reasonable **attorneys' fees** under **42 U.S.C. § 1988**;

h. Grant such other and further **declaratory and injunctive relief** as the Court deems just and proper;

i. Transmit, if appropriate, the factual findings in this case to federal law enforcement for consideration of potential criminal civil-rights violations under **18 U.S.C. §§ 241 and 242**.

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues triable to a jury.

## VIII. Respectfully submitted,

/s/ Keaire Webb , ucc-1-308
18332 Orvieto Drive
Plugergerville , Texas [78660]
5123662915, Keairewebb@gmail.com
Plaintiff, Pro Se
Date: 1·12·26

## IX. UNSWORN DECLARATION

My name is Keaire Webb. My date of birth is 04/08/1991, and

my address is 18332 Orvieto dr Pflugerville  Texas. I am the Plaintiff in this case.

I declare under penalty of perjury that the facts stated in this Complaint are true and correct to the best of my knowledge and belief.

Executed on 01/12, 2026.

/s/ **Keaire Webb** , ucc-1-308