**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| KEAIRE WEBB, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| HON. BRANDY HALLFORD, ET AL., | § | A-26-CV-59-RP-ML |
| Defendants. | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

## I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the Complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious

1

pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed without prejudice under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.   REVIEW OF THE MERITS OF THE CLAIM

### A.   Factual Background

Plaintiff Keaire Webb purports to bring constitutional claims against various state-court judges, District Clerks, an assistant attorney general, Williamson County, and the Office of the Attorney General of Texas, Child Support Division. Webb asserts that Defendants violated his constitutional rights during two underlying child support cases.

### B.   Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.

1997).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28. Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, pro se status does not offer an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### C.    Discussion

As a general rule, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Bank One, N.A. v. Boyd*, 288 F.3d 181, 184 (5th Cir. 2002) (abstention is the exception, not the rule). One exception to this rule is disputes concerning domestic relations. "Insofar as marriage is within temporal control, the States lay on the guiding hand. 'The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' Federal courts repeatedly have declined to assert jurisdiction over divorces that presented no federal question." *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979) (quoting *In re Burrus*, 136 U.S. 586, 593-594 (1890)); *see also Crouch v. Crouch*, 566 F.2d 486, 487-88 (5th Cir. 1978). "[W]hen a suit is in substance a domestic relations suit, brought in the guise of a civil rights or federal question action, federal courts will decline to exercise jurisdiction. 'Because state courts historically have decided these matters, they have developed a proficiency and expertise in these cases and a strong interest in disposing of them.'" *Shean by and through Shean v. White*, 620 F. Supp. 1329, 1331 (N.D. Tex. 1985) (quoting and citing *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir.1 981)). Additionally, the *Rooker–Feldman* doctrine bars federal "cases brought by state-court losers

3

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Finally, "[u]nder the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotations omitted); *see Younger v. Harris*, 401 U.S. 37, 43–47 (1971).

Additionally, a judge acting in his or her capacity as a judicial officer, with some subject matter jurisdiction, is entitled to absolute judicial immunity "*even when the judge is accused of acting maliciously and corruptly.*" *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (emphasis in original). Similarly, a witness is immune from liability for his or her testimony in a judicial proceeding. *Johnson v. Kegans*, 870 F.2d 992, 996 (5th Cir. 1989) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)).

Accordingly, the court should abstain from hearing Webb's claims because this suit is a collateral attack on a state suit concerning domestic relations. The state has an important interest in regulating the parent-child relationship. Webb's claims are best left to the state courts and their appellate remedies.

Additionally, Webb was the state-court loser in the underlying suits, and his state-court appeals have been denied. Although Webb couches his Complaint as a constitutional rights case, he challenges the underlying state-court judgments. He asserts the state courts lacked jurisdiction over him because service was improper and the judgements are void for a myriad of reasons.

Most tellingly, he seeks the following relief: "Declare that the underlying IV-D child-support judgment and any related wage withholding orders enforced against Plaintiff without proper jurisdiction and due process are void as to Plaintiff" and "Enjoin Defendants from: Enforcing the challenged IV-D orders and garnishments against Plaintiff." Dkt. 8 at 18.

Accordingly, the undersigned will recommend the District Judge abstain from jurisdiction and the Complaint be dismissal without prejudice. If the District Judge declines to adopt the recommendation to abstain from jurisdiction, the undersigned alternatively recommends that Judges Brandy Hallford and Dawn Baardsen be dismissed with prejudice.

### III.    ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). The Magistrate Judge **RECOMMENDS** the District Judge **ABSTAIN** from exercising jurisdiction in this case and **DISMISS** Plaintiff's Complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

If the District Judge declines to adopt that recommendation, the undersigned alternatively recommends that defendants Brandy Hallford and Dawn Baardsen be dismissed with prejudice.

The referral to the Magistrate Judge should now be **CANCELED**.

### IV.    WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED March 11, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE